UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* BANISHA EVANS, et al., | No. 2:18-cv-02038-DAD-SCR |
| Plaintiffs, | |
| v. | ORDER DENYING WITHOUT PREJUDICE PLAINTIFF EVANS' MOTION TO STAY |
| PHLEBXPRESS, et al., | (Doc. No. 70) |
| Defendants. | |

On July 26, 2018, relator-plaintiff Banisha Evans filed a *qui tam* complaint in this court pursuant to the False Claims Act, 31 U.S.C. §§ 3729–3733. (Doc. No. 1.) On August 7, 2024, the United States and relator entered into a settlement agreement with defendants Veni-Express, Inc. and Myrna Steinbaum. (Doc. No. 70 at 1.) On September 6, 2024, the United States declined to intervene in this case as to the remaining defendants. (Doc. No. 65.) On October 15, 2024, the State of California also declined to intervene in this case. (Doc. No. 66.) On October 22, 2024, this court lifted the previously ordered sealing of this action, set an initial scheduling conference, and issued a summons. (Doc. Nos. 67, 68, 69.) The summons has not been returned executed.

On December 23, 2024, relator-plaintiff filed a motion for administrative relief seeking a stay of this action pending settlement discussions. (Doc. No. 70 at 1–2.) Relator-plaintiff states

1

that "the United States of America has informed Relator's counsel that it is in discussions to settle this case" and "Relator does not wish to unnecessarily litigate this case if settlement is pending, as that would be a waste of judicial resources as well as attorney time and money." (*Id.* at 1.)

Relator-plaintiff notes that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord Stone v. INS*, 514 U.S. 386, 411 (1995) (Breyer, J., dissenting) ("[W]e have long recognized that courts have inherent power to stay proceedings and 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'") (quoting *Landis*, 299 U.S. at 254); *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023). Deciding whether to grant a stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. In considering whether to grant a stay, this court must weigh several factors, including "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55); *see also Ernest Bock, LLC*, 76 F.4th at 842.

Relator-plaintiff's pending motion does not explicitly address any of the three *CMAX* factors. The court could construe relator-plaintiff's argument that the failure to grant a stay would cause "a waste of . . . attorney time and money" as an issue of hardship pursuant to the second *CMAX* factor. (*Id.*) The court could also construe relator-plaintiff's argument that it would be unnecessary to "litigate this case if settlement is pending" as one addressing the orderly course of justice pursuant to the third *CMAX* factor. (*Id.*) However, relator-plaintiff's motion is devoid of any discussion regarding possible damage that could result from the granting of a stay pursuant to the first *CMAX* factor.

Further, Local Rule 233(a)(5) states that a motion for administrative relief such as this one "must include a statement setting forth the position of all parties affected by the motion, or a

statement explaining why such position could not be ascertained." The court observes that relator-plaintiff's motion does not comply with Local Rule 233(a)(5), because while her motion indicates that the "United States of America does not oppose this motion," she does not set forth the positions of the defendants or indicate why their positions could not be ascertained. (Doc. No. 70 at 1.) In light of the fact that this action has been pending before the court for over six years now, the court would expect relator-plaintiff's counsel to be in a position to readily make a more robust showing in support of their motion for a stay of this action.

In light of the deficiencies noted above, relator-plaintiff's motion is hereby denied without prejudice to a refiling that complies with Local Rule 233(a)(5) and invokes the appropriate factors a court must consider in granting a stay under the Supreme Court's decision in *Landis*.

IT IS SO ORDERED.

Dated:  **January 13, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE